# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DAVID PIPKIN,**
**Claimant Below, Petitioner**

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No.  16-1197** (BOR Appeal No. 2051386)
(Claim No. 2013021606)

**BUCHANAN PUMP & SUPPLY COMPANY INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner David Pipkin, by Stephen New and Amanda Taylor, his attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Buchanan Pump and Supply Company, Inc., by Daniel Murdock, its attorney, filed a timely response.

The issue on appeal is the reopening of the claim for temporary total disability benefits. On October 15, 2013, the claims administrator denied Mr. Pipkin's request to reopen the claim. The Office of Judges affirmed the claims administrator in its May 26, 2016, Order. The Order was affirmed by the Board of Review on November 21, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Pipkin injured his left shoulder when he felt something "pop" on November 19, 2011. On November 29, 2011, a left shoulder MRI revealed a focal distal supraspinatus tear, tendinopathy of the subscapularis, thickening of the middle and inferior glenohumeral ligaments, and a subdeltoid bursal effusion. On January 5, 2012, Prakash Puranik, M.D., diagnosed a left shoulder rotator cuff tear, impingement syndrome, and bursitis. On February 21, 2012, Dr. Puranik performed a left shoulder arthroscopy and repaired a left rotator cuff tear. On June 9, 2012, a left shoulder MRI revealed a tear of the superior glenoid labrum and a partial thickness rotator cuff tear.

1

Paul Bachwitt, M.D., performed an independent medical evaluation on July 24, 2012, and opined Mr. Pipkin needed an additional surgery, followed by a course of physical therapy before he would reach maximum medical improvement. On September 11, 2012, Dr. Puranik performed a second arthroscopy including a repair of the left shoulder SLAP lesion and debridement of an incomplete left rotator cuff tear. On March 5, 2013, Dr. Bachwitt issued an addendum to his report in which he opined Mr. Pipkin had reached maximum medical improvement because he completed the prescribed physical therapy. He assessed 4% permanent partial disability and opined that Mr. Pipkin was no longer temporarily totally disabled. On March 28, 2013, Dr. Puranik testified via deposition that he referred Mr. Pipkin to a pain management clinic because of ongoing pain following the two left shoulder arthroscopies.

Mr. Pipkin's May 15, 2013, request to reopen his claim for the payment of temporary total disability benefits was denied by the claims administrator on October 2, 2013. On September 2, 2014, the Office of Judges reversed the denial of the reopening and granted payment of temporary total disability benefits through December 4, 2013. On October 10, 2014, the employer filed a motion with the Board of Review to stay the September 26, 2014, Office of Judges' Order and remand the claim to the Office of Judges for further development of the record. The employer argues that at the time Mr. Pipkin protested the October 2, 2013, decision of the claims administrator, it possessed substantial evidence that he was committing workers' compensation fraud but was unable to submit that evidence to the Office of Judges because doing so would have compromised the State Police investigation into the alleged fraud. Additionally, Mr. Pipkin had been arrested for three felony counts relating to the sale of prescription narcotics, and the employer provided a copy of the criminal complaint against Mr. Pipkin in support of its motion.[1]

On December 7, 2015, the Office of Judges reversed the October 2, 2013, decision of the claims administrator and reopened the claim for temporary total disability benefits through December 4, 2013. On January 6, 2016, the employer requested the Office of Judges reconsider its December 7, 2015, decision because weight and consideration were due the criminal charges that were brought after the period of temporary total disability. On May 26, 2016, the Office of Judges reversed its earlier decision, and affirmed the claims administrator's October 2, 2013, denial of the request to reopen the claim.

The Office of Judges noted that Mr. Pipkin received temporary total disability benefits from February 19, 2012, through March 5, 2013, at which time the benefits were suspended based on Dr. Bachwitt's opinion that Mr. Pipkin had reached maximum medical improvement. Prior Office of Judges' decisions had granted temporary total disability benefits based on the fill-in-the-blank forms completed by Dr. Puranik. It then found the credibility of the claimant based upon the record of criminal charges, as well as his treatment at two pain clinics where he

---

[1] In *David Pipkin v. Buchanan Pump & Supply Company, Inc.*, (15-0177, W.Va. Supreme Court of Appeals)(memorandum decision), we affirmed the Board of Review's consideration of a criminal complaint against Mr. Pipkin submitted by the employer in support of it motion to stay an Office of Judges' Order and their remand to the Office of Judges for further development of the evidentiary record. This case is before us after the remand.

obtained large amounts of oxycodone, should be given more weight based on a closer examination of the medical records and factual records.

Dr. Puranik's opinion regarding the maximum medical improvement status of Mr. Pipkin, as well as the referral to a pain clinic, was based on the assertions of Mr. Pipkin that he had chronic pain. The Office of Judges noted Mr. Pipkin's last surgery was in September of 2012. It then found, combining the factual and medical evidence, that the inordinate amount of oxycodone which Mr. Pipkin was prescribed, as well as charges for selling oxycodone, could support pain seeking behavior during the period of time in which he was treated by Dr. Puranik after the second surgery. Therefore, the Office of Judges found the opinion of Dr. Bachwitt regarding Mr. Pipkin's maximum medical improvement status to be more credible. It also found that Mr. Pipkin had not demonstrated that he was entitled to additional temporary total disability benefits and affirmed the claims administrator's decision.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the Office of Judges' Order on November 21, 2016. After review, we agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review. Mr. Pipkin's testimony that he continued to have pain following his surgery and physical therapy is not credible.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 10, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3